IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LAWRENCE D. RUSSELL,<br><br>        Plaintiff,<br><br>vs.<br><br>DR. CARDRIEA, LASTING HOPE HOSPITIAL, DR. SHAIE, DR. ABEL, DR. NAJEEB, LINCOLN REGENOL, JUDGE CANDICE, CHREIGHTON HOSPITAL, LASTING HOPE MENTAL HEALTH HOSPITOL, DOUGLAS COUNTY DEPARTMENT OF CORRECTIONS, and LINCOLN REGIONOL,<br><br>        Defendants. | 8:22CV228<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff Lawrence D. Russell's Motion for Leave to Proceed in Forma Pauperis ("IFP"), Filing No. 2. However, Plaintiff's Motion does not comply with the terms of 28 U.S.C. § 1915, the statute authorizing proceedings in forma pauperis. *See* 28 U.S.C. § 1915(a)(1) (requiring the plaintiff to submit "an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor").[1] Plaintiff has the choice of either submitting the

---

[1] Plaintiff is presently confined at the Lincoln Regional Center ("LRC"). Examination of Plaintiff's state court records, available to this court online, reveals that Plaintiff was placed at the LRC for restoration of competency as part of his pending criminal proceeding in the Douglas County District Court and is, thus, properly considered a prisoner for PLRA purposes. 28 U.S.C. § 1915(h). The court takes judicial notice of the state court records in *State v. Dylan A. Thomas*, Case No. CR21-1535, District Court of Douglas County, Nebraska. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records).

$402.00 filing and administrative fees to the clerk's office or submitting a request to proceed in forma pauperis that complies with 28 U.S.C. § 1915.[2]

If Plaintiff elects to submit a motion to proceed IFP, Plaintiff is required to submit "an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Plaintiff's IFP motion, Filing No. 2, does not contain an affidavit with the required statement. Moreover, because he is a prisoner, Plaintiff must,

> in addition to filing the affidavit filed under paragraph (1), . . . submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a)(1), (2).

Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of Plaintiff's average monthly account balance or average monthly deposits for the six months preceding the filing of the Complaint. However, the Court is unable to calculate Plaintiff's initial partial filing fee because the Court has not received a certified copy of Plaintiff's trust account information.

Plaintiff cannot proceed IFP unless Plaintiff provides the Court with the required affidavit and trust account information in order to calculate his initial partial filing fee. Accordingly, the Court will give Plaintiff 30 days from the date of this Memorandum and Order to either pay the Court's $402.00 filing and administrative fees or submit a request to proceed in forma pauperis that complies with 28 U.S.C. § 1915 and provide a copy of

---

[2] If Plaintiff is granted leave to proceed IFP in this matter, he will be allowed to pay the court's $350 filing fee in installments. See 28 U.S.C. § 1915(b)(1); In re Tyler, 110 F.3d 528, 529–30 (8th Cir. 1997). He would not be subject to the $52.00 administrative fee assessed to non-IFP plaintiffs.

his certified trust account statement. Failure to comply with this Memorandum and Order within 30 days will result in the Court dismissing this case without further notice to Plaintiff.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Leave to Proceed in Forma Pauperis, Filing No. 2, is denied without prejudice to reassertion in a motion to proceed in forma pauperis that complies with 28 U.S.C. § 1915.

2. Plaintiff is directed to submit the $402.00 fees to the clerk's office or submit a request to proceed in forma pauperis and a certified trust account statement within 30 days. Failure to take either action will result in dismissal of this matter without further notice.

3. The clerk of the Court is directed to send to Plaintiff the Form AO240 ("Application to Proceed Without Prepayment of Fees and Affidavit").

4. The clerk of the Court is directed to set a pro se case management deadline in this matter with the following text: **August 11, 2022**: Check for MIFP or payment.

Dated this 12th day of July, 2022.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge